

# Texas Department of Criminal Justice

——————————————————————————— Brad Livingston
Executive Director

June 24, 2015

The Honorable Lois Rogers
Smith County District Clerk
100 N. Broadway Suite #204
Tyler, Texas 75702

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

RE: **GREGORY LYNN RUSSEAU TDCJ #999430**

Dear District Clerk:

Enclosed is the Return of the Director of the Texas Department of Criminal Justice Correctional Institutions Division, of the Death Warrant pertaining to **GREGORY LYNN RUSSEAU,** issued in the District Court of Smith County, Texas 114th District Court, on March 9, 2015, which was carried out on June 18, 2015. Also enclosed is the Certificate with the director's statement of compliance with the command of the warrant. The certificate also indicates the disposition of the remains as required by Article 43.23 of the Texas Code of Criminal Procedure.

Sincerely,

Carla M. Willis

Carla M. Willis
Deputy General Counsel
OFFICE OF THE GENERAL COUNSEL

cc: The Honorable Gregg Abbott, Governor
The Honorable Ken Paxton, Attorney General
Louise Pearson, Clerk, Court of Criminal Appeals
Kelly Enloe, Chairman, Classification & Records, TDCJ

CW/cf
Attach

*Our mission is to provide public safety, promote positive change in offender*
*behavior, reintegrate offenders into society, and assist victims of crime.*
**Office of the General Counsel**
**Sharon Felfe Howell, General Counsel – sharon.howell@tdcj.texas.gov**
P.O. Box 13084 Capitol Station                                  P.O. Box 4004
Austin, Texas 78711-3084                                  Huntsville, Texas 77342-4004

# RETURN OF THE DIRECTOR OF THE INSTITUTIONAL DIVISION

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Came to hand, the 15th day of October, 2002 and executed the 18th day of June, 2015 by the death of **GREGORY LYNN RUSSEAU.**

DISPOSITION OF BODY:

DATE: June 18, 2015

TIME: 6:49 pm

William Stephens, Director
Texas Department of Criminal Justice
Correctional Institutions Division

## CERTIFICATE

I hereby certify that the Death Warrant in the case of *The State of Texas vs. GREGORY LYNN RUSSEAU* issued in the District Court of Smith County, Texas 114th District Court, on March 9, 2015 and was executed according to the laws of the State of Texas on June 18, 2015. The death of **GREGORY LYNN RUSSEAU** was caused by intravenous injection of lethal substances at the Huntsville Unit of the Texas Department of Criminal Justice–Correctional Institutions Division at __6:49__ p.m. on June 18, 2015. The body of the deceased was given into the custody of Carnes Funeral Home agent for the requesting relative. This Certificate and Return of Warrant (enclosed) is in compliance with Article 43.23 of the Texas Code of Criminal Procedure.

_____

William Stephens, Director

Texas Department of Criminal Justice

Correctional Institutions Division

SUBSCRIBED AND SWORN TO BEFORE ME this the 18th day of June 2015.



CONNIE E. WEICH
Notary Public. State of Texas
My Commission Expires
11-06-2017
Notary Without Bond

_Connie E. Weich_____

NOTARY PUBLIC, Walker County, Texas

My Commission expires: __11-06-2017__

## CAUSE NO: 114-0750-02

## DEATH WARRANT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS | § | SMITH COUNTY, TEXAS |
| | § | 114TH DISTRICT COURT |
| GREGORY LYNN RUSSEAU | | |

TO THE DIRECTOR OF THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMMEMT OF CRIMINAL JUSTICE AND TO THE SHERIFF OF SMITH COUNTY, TEXAS:

On October 10, 2002, the above – named defendant, in the above styled and numbered cause was convicted of the offense of Capital Murder. After remand for a new punishment trial, on April 20, 2007, the Court sentenced the above-named defendant to death in accordance with the findings of the jury, pursuant to the Texas Code of Criminal Procedure.

The Court, having received the Texas Court of Criminal Appeals' affirming the above name Mandate having received notice of the Court of Criminal Appeals" denial of the defendant's initial application for writ of habeas corpus sentenced the above-names defendant to death for the offense CAPTIAL MURDER and ORDERS that the execution be had as provided by law, the 18th day of June, 2015, at any time after the hour of 6:00 P.M. at the Institutional Division of the Texas Department of Criminal Justice at Huntsville, Texas.

The Sheriff of Smith County, Texas is hereby commanded to transport the defendant to the Institutional Division of the Texas Department of Criminal Justice and deliver the defendant and this warrant to the Director of the Institutional Division of the Texas Department of Criminal Justice for the purpose of executing this warrant, and to take from the Director of the proper receipt for the defendant, and the Sheriff will return the receipt to the office of the District Clerk of Smith county, Texas.

The Director of the Institutional Division of the Texas Department of Criminal Justice is hereby commanded to receive from the Sheriff the defendant and this warrant, and to give his receipt to the Sheriff, and to safely keep the defendant and to execute the sentence of death at any time after the hour of 6:00 P.M. on the day and date specified in paragraph two of this warrant, by causing a substance or substances in a lethal quantity to be intravenously injected into the body of defendant to continue until the defendant is deceased, obeying all laws of the State of Texas with reference to such execution.

WITNESS MY HAND AND SEAL of the 114th Judicial District Court of Smith County, Texas, at my office in the City of Tyler, Texas, on the _____ 9 day of March, 20 15.

LOIS ROGERS, District Clerk
Smith County, Texas
100 N. Broadway Suite #204
Tyler, Texas 75702

ORIGINAL

ORIGINAL

# RETURN

The Sheriff of Smith County, Texas, received this **Writ** on the 10th day of March 2015 at 11 A. M. and executed the same by delivering the original and one copy of this warrant to the Director of the Institutional Division of the Texas Department of Criminal Justice on the 10 day of March , 2015 and by taking his receipts for the said warrant, which receipts are hereto attached do here now make my return on this Writ this 10 day of March , 2015.

Larry Smith Sheriff

**LARRY SMITH, Sheriff**
**Smith County, Texas**

Juan Cordova Deputy Sheriff
Cordova

On this the 20th day of March , 2015 the follow papers related to cause number **114-0750-02** styled:

**THE STATE OF TEXAS, vs. GREGORY LYNN RUSSEAU** were received from the Sheriff of Smith County, Texas,

1. Original and one copy of **DEATH WARRANT** to be delivered to the Warden of the Director of the Institutional Division of the Institutional Division of the Texas Department of Criminal Justice.

2. One Original Execution Order.

The Texas Department of Criminal Justice acknowledges receipt of the Execution Order and Death Warrant in the Cause No. 114-0750-02 on this the 20 day of March 20 015

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
Classification and Records,

BY Wendy Foreman
for Brad Livingston

State of TEXAS
VS.
Gregory Lynn Russeau  ORDER

M-0750-02

THEREFORE, it is the further ORDER and the Judgment of this Court that the Director of the Texas Department of Criminal Justice – Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary), acting by and through the executioner designed by said Director as provided by law, be and is hereby DIRECTED, ORDERED and COMMANDED to, at any time after the hour of 6:00 p.m. on the **18th day of June, 2015**, in a room arranged for the purpose of execution at the Texas Department of Criminal Justice – Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary) to carry out this Judgment and Sentence of DEATH by intravenous injection of a substance or substances in a lethal quantity sufficient to cause the death of the said GREGORY RUSSEAU and until said GREGORY RUSSEAU is dead, such procedure to be determined and supervised, in accordance with law, by the said Director of the Texas Department of Criminal Justice – Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary).

SIGNED THIS THE 9th day of March, 2015.

HONORABLE CHRISTI KENNEDY
JUDGE, 114TH DISTRICT COURT
SMITH COUNTY, TEXAS



FILED
LOIS ROGERS
DISTRICT CLERK
2015 MAR 10 AM 7:17
SMITH COUNTY, TEXAS
BY _____ DEPUTY

The State of TEXAS
vs
Gregory Lynn Rosseau

114-0750-02

WARRANT OF EXECUTION

ALL IN ACCORDANCE with this Warrant of Execution (Death Warrant) for the execution of the sentence of DEATH, and in accordance with the Judgment, Sentence (and previous Formal Re-Sentencings), and Order Setting Date of Execution and Order for Issuance of Warrant of Execution of this Court, show herein, which I certify to be true and correct copies of such documents now on file in my office and entered on the Minutes of said Court. A certified true and correct copy of the Judgment and Sentence entered by the Court on April 20, 2007, which was affirmed by the Texas Court of Criminal Appeals, is attached hereto as Exhibit "A".

HEREIN FAIL NOT, BUT DUE RETURN MAKE OF THE WARRANT OF EXECUTION SHOWING HOW YOU HAVE EXECUTED THE SAME.

Given under my hand and seal of the 114th Judicial District Court of Smith County, Texas on this the 6th day of March, 2015.

LOIS ROGERS
DISTRICT CLERK/SMITH COUNTY, TEXAS
CLERK OF THE 114TH JUDICIAL DISTRICT COURT
SMITH COUNTY, TEXAS
BY: 
DEPUTY DISTRICT CLERK
Print Name:
Lois Rogers



CAUSE NUMBER 114-0750-02

THE STATE OF TEXAS                    X        IN THE 114TH JUDICIAL

VS.                                   X        DISTRICT COURT, TEXAS

GREGORY RUSSEAU                       X        SMITH COUNTY, TEXAS

FORMAL SENTENCING
PURSUANT TO MANDATE FROM TEXAS COURT OF CRIMINAL APPEALS
ORDER SETTING DATE OF EXECUTION
ORDER FOR ISSUANCE OF WARRANT OF EXECUTION

| Judge Presiding: CHRISTI KENNEDY | Date of original sentence and Judgment: October 10, 2002 Date of subsequent sentencing and Judgment following remand from Court of Criminal Appeals: April 20, 2007 Date of formal sentencing upon Mandate affirming case and denial of 11.071 Writ Application and following denial of federal Writ Application by U.S. District Court and Fifth Circuit Court of Appeals: March 6, 2015 |
|---|---|

| Attorney for State at trial: Jack Skeen Jr. Matt Bingham Brett Harrison (1st trial) | Attorney for Defendant: at trial: Clifton Roberson Brandon Baade |
|---|---|

| Attorney for State at trial: Matt Bingham April Sikes (2d punishment trial) | Attorney for Defendant: at trial: Clifton Roberson Brandon Baade |
|---|---|

| Attorney for State at formal sentencing: Matt Bingham April Sikes | Current Writ Counsel for Defendant: Jeff Haas |
|---|---|

| Offense Convicted of: | Date Offense Committed: |
| --- | --- |
| Capital Murder | May 30, 2001 |

| Charging Instrument: Indictment | Plea: Not Guilty |
| --- | --- |

| Terms of Plea Bargain: None |
| --- |

| Plea to Enhancements: None | Finding on Enhancements: None |
| --- | --- |

| Findings on Use of Deadly Weapon: | Not Applicable |
| --- | --- |
| | Enumerated Offense 3G |

| Date Sentence Pronounced: | Court Costs: $149.50 |
| --- | --- |
| October 10, 2002 | |

Date Sentence Formally Pronounced After Second Punishment Trial Following Remand from Court of Criminal Appeals: April 20, 2007

Date Sentence Formally Pronounced following Mandate from Texas Court of Criminal Appeals affirming Judgment and Sentence following denial of 11.071 writ application, and following denial by U.S. District Court and Fifth Circuit Court of Appeals of federal writ application and setting first date of execution: March 6, 2015

**DATE OF EXECUTION:**      June 18, 2015 as provided by law

| Punishment: | Date Set for Execution: |
| --- | --- |
| Death by lethal injection | June 18, 2015 as |
| as provided by law | provided by law |

Place of Execution:
    As provided by law in the Texas Department of Criminal Justice - Institutional Division (formerly Texas Department of Corrections, State Penitentiary)

### JUDGMENT AND SENTENCE UPON FORMAL SENTENCING
### WARRANT OF EXECUTION

The Defendant having been indicted in the above numbered and entitled cause of action for the felony offense of Capital Murder was on the September 5, 2002 called for trial, the State appeared by her Criminal District Attorney, JACK M. SKEEN, JR. (together

with his Assistant District Attorney, D. MATT BINGHAM ), and the Defendant, GREGORY RUSSEAU, appeared in person and with his counsel, CLIFTON ROBERSON and BRANDON BAADE, and whereupon the State of Texas announced ready, the Defendant announced ready, and the jury selection was then and there commenced. Following jury selection, on September 30, 2002, the Defendant, GREGORY RUSSEAU, in open Court was duly arraigned and in person pleaded NOT GUILTY to the charge contained in the indictment and demanded his right to a trial by jury. The State having previously announced that it intended to seek the death penalty upon any conviction of the defendant for the offense of Capital Murder, the case proceeded to trial. Upon the Defendant's jury demand, and in accordance with state law, a jury, who having previously been selected were impaneled and sworn, the jury after having heard the indictment read aloud by the State and the Defendant's plea of NOT GUILTY thereto, and having heard the evidence submitted, and having been duly charged by the Court, and having heard arguments of counsel, did retire in charge of the proper officer to consider their verdict. Afterwards said jury was brought into open Court by the proper officer, and the Defendant, GREGORY RUSSEAU and all his counsel being present, as well as counsel for the State, and in due form of law said jury did return into open Court a unanimous verdict of GUILTY of the offense of CAPITAL MURDER, which was received, read aloud, accepted, and ordered filed among the papers of the cause by the Court.

The Defendant, GREGORY RUSSEAU, having been found GUILTY of Capital Murder by the unanimous verdict of the Jury and thereupon, with the Defendant, GREGORY RUSSEAU, and all his counsel and counsel for the State being present in open Court, further evidence being heard by the jury on the special issues pertaining to punishment, the Court again charged the jury as provided by law on the special issues. The jury, after hearing argument of counsel, retired in charge of the proper officer to consider their verdict and afterward were brought into open Court by the proper officer; the Defendant, GREGORY RUSSEAU, and all his counsel being present along with counsel for the State, and in due form on October 10, 2002 said jury did return into open Court answers of "Yes," "Yes," and "No" to Special Issues One, Two and Three, respectively.

The Court then on October 10, 2002 pronounced sentence at DEATH, according to law, and further the said Defendant, GREGORY RUSSEAU, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, subject to mandatory appeal and mandate, and he answered nothing at bar

thereof, and the Court finding that the Defendant, GREGORY RUSSEAU, was at all applicable times and at that time mentally competent and understanding of the English language, and the Court proceeded, then in the presence of the Defendant, GREGORY RUSSEAU and his counsel to pronounce sentence, subject to mandatory appeal, against him and signed a judgment to that effect.

The Court certified the record for appeal and an appeal to the Texas Court of Criminal Appeals followed. On the June 29, 2005, the Texas Court of Criminal Appeals affirmed Defendant GREGORY RUSSEAU's conviction, but vacated the sentence of death, and remanded his case for a new punishment hearing.

On remand, the trial court conducted a new punishment hearing. The Defendant, GREGORY RUSSEAU, having been found GUILTY of Capital Murder by the unanimous verdict of the first Jury, a second jury was selected, impaneled and sworn, thereupon, with the Defendant, GREGORY RUSSEAU, and all his counsel and counsel for the State being present in open Court, further evidence being heard by the jury on the special issues pertaining to punishment, the Court again charged the jury as provided by law on the special issues, and the jury, after hearing argument of counsel, retired in charge of the proper officer to consider their verdict and afterward were brought into open Court by the proper officer. On April 20, 2007, the Defendant, GREGORY RUSSEAU, and all his counsel being present along with counsel for the State, and in due form said jury did return into open Court answers of "Yes," "Yes," and "No" to Special Issues One, Two and Three, respectively.

The Court then pronounced sentence at DEATH, according to law, and further the said Defendant, GREGORY RUSSEAU, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, subject to mandatory appeal and mandate, and he answered nothing at bar thereof, and the Court finding that the Defendant, GREGORY RUSSEAU, was at all applicable times and at that time mentally competent and understanding of the English language, and the Court proceeded, then in the presence of the Defendant, GREGORY RUSSEAU and his counsel to pronounce sentence, subject to mandatory appeal, against him and signed a judgment to that effect.

Subsequently, Defendant's state Applications for Writ of Habeas Corpus were denied, the Application for Writ of Certiorari was denied by the United States Supreme Court, and his federal Application for Writ of Habeas Corpus was denied by the United

States District Court and said denial was affirmed by the Fifth Circuit Court of Appeals. The trial court received the Mandate commanding the trial court to observe the order of the Texas Court of Criminal Appeals in this case and to duly recognize, obey and execute said mandates.

On March 6, 2015, this case was again called for formal sentencing in accordance with the verdicts and Judgment herein rendered and entered against the Defendant, GREGORY RUSSEAU, on April 20, 2007; setting of date of execution; and Order for Issuance of the Warrant of Execution upon the orders of the Texas Court of Criminal Appeals Mandate, and the State appeared by her Criminal District Attorney D. Matt Bingham (together with her Assistant Criminal District Attorney April Sikes) and the Defendant, GREGORY RUSSEAU, appeared in person and with state writ counsel JEFF HAAS, and whereupon the State of Texas announced ready and the Defendant was present with counsel. Thereupon the Defendant, GREGORY RUSSEAU, through his counsel, was asked by the Court whether he had anything to say or offer at bar as to why sentence should not be formally pronounced against him and said counsel indicated there was nothing he had to offer at bar as to which sentence should not be formally pronounced and a date of execution set. It appearing to the Court that the Defendant, GREGORY RUSSEAU, was mentally competent and understanding of the English language, the Court proceeded, in the presence of the said Defendant, GREGORY RUSSEAU, and all his counsel and counsel for the State, in open Court to formally pronounce Judgment and Sentence against the Defendant in accordance with the jury's verdicts and mandate of the Texas Court of Criminal Appeals; to set the date of execution, and to order issuance of the Warrant of Execution as follows:

IT IS THE ORDER OF THE COURT, that the said Defendant, GREGORY RUSSEAU who has been adjudged to be GUILTY of the felony offense of CAPITAL MURDER, as charged in the indictment in this cause, a Capital Felony; and that the said Defendant, GREGORY RUSSEAU, committed said offense on the 30th day of May, 2001, as found by the jury, and whose punishment has been assessed by application of law to the verdicts of the Jury on the Special Issues submitted and the Judgment of the Court, by DEATH, according to law, and, it is ORDERED, that the Defendant, GREGORY RUSSEAU, be taken by the Sheriff of Smith County, Texas, and by him kept in custody until the Clerk of this Court shall issue and deliver to said Sheriff a DEATH WARRANT (also known as a WARRANT OF EXECUTION), in accordance with this Judgment and Sentence, directed to the Director of the

Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary), at Huntsville, Texas, commanding him, the said Director of the Texas Department of Criminal Justice - Institutional Division (formerly known as the Teas Department of Corrections - State Penitentiary) to put into execution the Judgment and Sentence of DEATH against the said GREGORY RUSSEAU, and immediately upon the issuance of said WARRANT OF EXECUTION, the Sheriff of Smith County, Texas is directed to take the said GREGORY RUSSEAU, together with the said WARRANT OF EXECUTION, to the Director of the Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary) or other person legally authorized to receive such convicts, and deliver the said GREGORY RUSSEAU and said WARRANT OF EXECUTION into the custody of said Director of the Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary), and the said Director of the Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary) is hereby COMMANDED and DIRECTED to keep the said GREGORY RUSSEAU until the

## 18th day of June, 2015

upon which day, at the Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary), at any time after 6:00 p.m. in a room arranged for the purpose of execution, the Director of the Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary) is hereby, acting by and through the executioner designated by said Director as provided by law, COMMANDED, ORDERED, and DIRECTED to carry out this Judgment and Sentence of DEATH by intravenous injection of a substance or substances in a lethal quantity sufficient to cause the death of the said GREGORY RUSSEAU and until said GREGORY RUSSEAU is dead, such procedure to be determined and supervised, in accordance with law, by the said Director of the Texas Department of Criminal Justice - Institutional Division (formerly known as the Texas Department of Corrections, State Penitentiary).